UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| ERNEST DEMEL : | |
|                      Plaintiff : | |
| : | |
| v. : | |
| : | |
| GROUP BENEFITS PLAN FOR EMPLOYEES OF : | |
| NORTHERN TELECOM, INC., dated as of January 1, : | |
| 1982, TRUSTEES AND ADMINISTRATOR OF THE : | Index No. 07-CV-0189 |
| GROUP BENEFITS PLAN FOR EMPLOYEES OF : | (GBD)(DCF) |
| NORTHERN TELECOM, INC., EMPLOYEE : | |
| BENEFITS COMMITTEE OF : | |
| NORTHERN TELECOM, INC., NORTHERN : | |
| TELECOM INC. RETIREMENT PLAN FOR : | |
| EMPLOYEES, TRUSTEES AND : | |
| ADMINISTRATOR OF NORTHERN TELECOM, : | |
| INC. RETIREMENT PLAN FOR EMPLOYEES, and : | |
| THE PRUDENTIAL INSURANCE COMPANY : | |
| OF AMERICA : | |
|                      Defendants. : | |

_____

## LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS
## ON MOTION FOR SUMMARY JUDGMENT

1. The Pension Benefit Guaranty Corporation ("PBGC") is a wholly owned United States government corporation established under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 USC §§ 1301-1461 (2006 and Supp. III 2009), that guarantees benefits to participants and their beneficiaries when an underfunded pension plan terminates. PBGC is statutory trustee of the Nortel Retirement Income Plan, which previously was named the Northern Telecom, Inc. Retirement Plan for Employees ("Retirement Plan").

2. Defendant Retirement Plan ,was a defined benefit pension plan that was covered by Title IV.  AR 346-416.

3. On January 14, 2009, Nortel Networks, Inc., which was previously known as Northern Telecom, Inc. filed a petition under Chapter 11 the United States Bankruptcy Code.

4. Plaintiff Ernest DeMel, was born on September 26, 1939, in Sri Lanka.  He came to the United States in 1970.  Between then and 1981, he received some technical training and worked for three companies.  AR  236, 237, 339.

5. Mr. DeMel was hired by Northern Telecom, Inc. on August 17, 1981, and was assigned to the Eastern Region, headquartered in New York City.  AR  235, 251.

6. On his employment, Mr. DeMel became a participant in the Retirement Plan .  AR 239, 366.

7. Approximately two and one-half years after he was hired, on Friday, February 3, 1984, at approximately 8:27 am, while traveling alone in a rental car to a work site near Middletown, Connecticut, Mr. DeMel's car slid sideways on an icy patch of highway.  The car ended off the road and against the guardrail.

8. The police officer's report regarding this accident is at AR 144, 145.

9.  The accident report Mr. DeMel provided to the Department of Motor Vehicles, dated February 8, 1984, is at  AR  155, 156.

10. Mr. DeMel was taken by ambulance to the New Britain General Hospital emergency room.  The hospital record is at AR 147-50.

11. On Monday, February 6, 1984, Mr. DeMel went to the Beth Israel Medical Center emergency room.  A copy of the hospital's report is at AR 151-53.

12. On the next day, February 7, 1984, Mr. DeMel saw Dr. Peter Godsick for the first time.   Dr. Godsick signed a Disability Certificate that is at AR 160.

13. Subsequently, Mr. DeMel filed a Request for Medical Leave of Absence and a Short

Term Disability Claim with Northern Telecom.  Copies of these documents are at AR 158, 159.

      14. On February 14, 1984, Dr. Godsick signed a Medical Release for Mr. DeMel effective February 20th.   A copy of the release is at AR 161.

      15. On February 15, 1984, Mr. DeMel sent Northern Telecom a telegram "to inform you that Doctor P A Godsick has given me a medical release so that I can go back to work on 2-20-84 . . . I look forward to hearing about my work site."   A copy of the telegram is at AR 246.

      16. Mr. DeMel returned to work for Northern Telecom on March 1, 1984, in Dallas, Texas.  A copy of the Human Resources record is at  AR 251.

      17. In Dallas, Mr. Demel worked in a warehouse and attended a training course.  A copy of his Performance Worksheet is at AR 257.  A copy of his Student Evaluation is AR 162-63.

      18. On April 30, 1984, Mr. DeMel was notified by Northern Telecom that he was being terminated at the close of business that day for cause relating to the "falsification of travel expense reports."  AR  256, 258-66, 269.   Northern Telecom paid for Mr. DeMel to return home to New York City.  AR 267.

      19. Mr. DeMel received Worker's Compensation Benefits with respect to the accident.  These benefits were administered by Liberty Mutual Insurance Company on Northern Telecom's behalf.  AR 293-95, 341, 343.

      20. A copy of Dr. Godsick's last report to the Workers' Compensation Board, dated October 21, 1985, is at AR 48.

      21. Dr. Godsick understood that Mr. DeMel "was unable to return to his work as a computer technician because it involved prolonged sitting and pulling of cables."  AR 314.

      22. Dr. Godsick noted that the accident did not render Mr. DeMel unconscious.  AR 40.

      23. Neither Dr. Godsick nor the hospitals reported any symptoms related to a concussion.

AR 147-150, 151-53.

24. Mr. Demel's other doctors were told that Mr. DeMel was rendered unconscious or suffered a concussion.  AR 58, 77, 91, 103, 321, 337.

25. Mr. DeMel told his doctors beginning in late 1985 that he had dizziness, vertigo, headaches and sweaty palms since the accident when these symptoms did not appear in any prior medical reports.  AR 51, 52, 58, 62, 77, 78, 80, 81, 310, 321, 330.

26. On July 1, 1986, Mr. DeMel filed an application for Social Security Disability, with a date of onset of February 3, 1984.  In a decision dated January 20, 1989, the ALJ found that Mr. DeMel was disabled, as defined by the Social Security Act, effective March 27, 1987.  A copy of the decision is at AR 121-26.

27. A second Administrative Law Judge, in a decision dated November 22, 1999, extended Mr. Demel's period of disability within the meaning of the Social Security Act to February 3, 1984.  A copy of the decision is at AR 114-19.

28.  Mr. Demel's doctors understood that Mr. DeMel stopped working for Northern Telecom in April 1984 because of his "condition" or an "exacerbation" of his injury that occurred during work at the warehouse.  AR 51, 67, 79, 86, 92, 117, 118, 122,

29.  Mr. DeMel applied for long-term disability benefits from Northern Telecom. AR 294-298.  Nortel denied this claim by letter dated November 12, 2004, and Mr. DeMel appealed.   AR  17-23.  The denial was affirmed by the Nortel Networks Inc. Employee Benefit Committee.  Complaint paragraph 53.

30. By letter dated May 31, 2004, Mr. DeMel applied for a disability pension

from the Retirement Plan.  AR 7-10.   This application was denied by letter dated July 26, 2004, from the Nortel Pension Service Center.  A copy of the letter is at AR 11.

31. Mr. DeMel's attorney sent a letter, dated August 20, 2004, to the Nortel Pension Service Center, which announced Mr. DeMel's intent to appeal the denial of his application for Disability Retirement pension benefits to the Employee Benefits Committee.  A copy of the letter is at AR  13, 14.

32. The Employee Benefits Committee considered and affirmed the denial of a disability pension to Mr. DeMel.  A copy of the letter, dated January 31, 2005 is at AR 1-6.

33. On January 10, 2007, Mr. DeMel commenced the instant action to challenge, *inter alia*, the Employee Benefits Committee's decision denying him a disability pension.


Dated: July 1, 2011                                    Respectfully submitted,


                                                 /s/Vicente Matias Murrell_____
ISRAEL GOLDOWITZ
Chief Counsel
CHARLES FINKE
Deputy Chief Counsel
STEPHEN D. SCHREIBER
Assistant Chief Counsel
VICENTE MATIAS MURRELL
Attorney
(MD Bar No. 9806240098)

PENSION BENEFIT GUARANTY
CORPORATION
Office of the Chief Counsel
1200 K Street, N.W., Suite 340
Washington, D.C.  20005-4026
Telephone:  (202) 326-4020, ext. 3580